W. F. Potts' Son & Company, Incorporated, a corporation of the State of Pennsylvania, *vs.* Fred L. Myers, trading as Fred. L. Myers & Company.

Sales—Nonshipment by Seller no Defense to Action for Breach Where Buyer Has Repudiated.

If seller, from information received by it as to buyer's sale of his business and leaving town, was justified in believing that the buyer, by his words, acts, or conduct, had rescinded his contract and would not receive the goods if shipped, it would not be precluded, by its nonshipment of the goods to the buyer, from recovering for buyer's breach of contract.

(*April* 17, 1919.)

Rice and Heisel, J. J., sitting.

*James M. Tunnel* for plaintiff.

*Frank M. Jones* for defendant.

Superior Court for Sussex County, April Term, 1919.

Foreign Attachment, No. 3, June Term, 1918.

Action by W. F. Potts' Son & Co., Incorporated, against Fred L. Myers, trading as Fred L. Myers & Co., to recover damages for an alleged breach of contract of sale. Verdict for plaintiff.

The plaintiff introduced evidence to the effect that one of its representatives sold, on September 11, 1917, to the defendant, at Lewes, Delaware, 150 boxes of bright tin, 90 lb. 20x28 sheets, composed of primes, and wasters accruing on the primes, to be shipped to Lewes during February, 1918. That the plaintiff during February had information that the defendant had sold his business and had left the town of Lewes. That after the last day of February, plaintiff sold the tin ordered by the defendant at the highest price obtainable at that time, being less than the contract price, and brings this suit for his loss.

Further facts appear in the charge of the court.

Heisel, J., charging the jury:

William F. Potts' Son & Co., a corporation of the state of Pennsylvania, the plaintiff in this case, has brought this action against Fred L. Myers, trading as Fred L. Myers & Co., to recover

for an alleged breach of a contract between the plaintiff and defendant. The plaintiff claims that on September 11, 1917, at Lewes, in this state, it sold to the defendant one hundred and fifty boxes of tin of a certain kind and size, which it was to have shipped from the mill in West Virginia to him during the month of February following, 1918. That during the said month of February plaintiff had such information relative to the whereabouts of the defendant, the sale of his business in which he was using tin, and other information which warranted it in believing that he had rescinded the contract or that he would not accept the tin if shipped by it to him, and, therefore, it did not make the shipment. That after the date of the making of the contract in September, 1917, and before the end of the month of February, 1918, the price of tin was fixed by the United States government through the War Industries Board, at a lower price than the contract price, whereby the plaintiff was obliged to re-sell the tin contracted for by the defendant at a lower price than the price agreed upon between the plaintiff and the defendant thereby suffering a loss of nine hundred and eighty-one dollars and fifty cents, which, with interest to this time, amounts to a total demand of one thousand and forty-three dollars and fifty cents.

The defendant admits that he made the contract practically as contended for by the plaintiff, but that he never directed or authorized the plaintiff not to ship the tin according to the contract and was willing at all times during the month of February to receive the tin and to pay for it according to his contract. The defendant does not deny that tin was at a lower price during February, 1918, than the price at which he contracted to take it, nor does he claim that upon the re-sale the plaintiff did not get for it all it was worth at that time; so that the only point of importance in the case for your determination has to do with the reasons for the non-shipment of the tin in question.

That question you must determine from the evidence, applying to it the law thereto as shall be stated by us. The Constitution prohibits the court from expressing any opinion as to the weight or value of the evidence in any case.

It was the duty of the plaintiff to ship the tin to the defendant at the time specified in the contract or agreement between them, and it was also the duty of the defendant to receive it and pay for it, and if either failed in this duty he is liable to the other for such damages as may be suffered by reason of such failure.

In order that the plaintiff may recover in this case (the tin in question not having been delivered), it is necessary for it to satisfy you by a preponderance or greater weight of the evidence, that the defendant would not have received the tin if shipped to him as provided in the agreement. That is, if you are satisfied that the plaintiff was justified under the evidence in believing that the defendant, by his words, acts or conduct, had rescinded his contract with the plaintiff, and would not receive the tin, if shipped, then plaintiff would be entitled to recover, and the measure of its damages would be the difference between the contract price and the price for which plaintiff was obliged to re-sell the tin.

On the other hand, if you believe from the evidence that the defendant was willing to receive the tin if shipped according to the agreement, or that from defendant's words, acts or conduct the plaintiff was not justified in not making the shipment, your verdict should be in favor of the defendant.

In deciding that point, gentlemen, and in deciding this case, you are to decide in favor of that party which you think has a preponderance of the evidence as you recollect it. That is, in determining the facts in this case, you are to take your own recollection of the evidence as you have heard it from the stand. In taking that, and weighing it carefully, you should find in favor of that party which you think has the greater weight of the evidence to support his contention.

Verdict for plaintiff.